UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 0:09-207-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Gaythorn Maurice Turner, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 contending he is "actually innocent" of being a Career Offender. The Government has moved to dismiss Defendant's motion and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion to dismiss Defendant's motion with prejudice.

### BACKGROUND

On June 9, 2009, Defendant pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack, as well as possession of a firearm in connection with a drug trafficking crime.

On August 18, 2009, the court held Defendant's sentencing hearing. Defendant's Presentence Report included a sentencing enhancement under the career offender guidelines. Defendant's predicate offenses were state convictions for Assault and Battery of a High and Aggravated Nature (ABHAN) and Possession With Intent to Distribute Crack Cocaine. At sentencing, Defendant did not object to the probation officer's use of the ABHAN or drug conviction as predicate offenses for the career offender enhancement. The court calculated Defendant's sentencing guideline range to be 322 to 387 months' imprisonment. Pursuant to Defendant's plea agreement, the Government moved for a four-level reduction in sentence for substantial assistance. Defendant requested an

additional sentence reduction pursuant to the sentencing factors in 18 U.S.C. § 3553(a). The court granted Defendant's request, and reduced Defendant's guideline range by an additional 2 levels. The court ultimately sentenced Defendant to 200 months' imprisonment. Defendant did not file a direct appeal.

On August 18, 2010, Defendant filed the instant § 2255 motion. Defendant's only Ground for Relief is that he is "actually innocent" of being a Career Offender based upon a recent decision by the Sixth Circuit Court of Appeals, *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010).

Even if Defendant had not waived his right to file the instant § 2255 motion,[1] his position is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (U.S., Nov. 15, 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Pettiford*, 612 F.3d at 284.

In this instance, Defendant does not argue, even in responding to the Government's motion

---

[1] Defendant entered into a written plea agreement with the Government wherein he waived his right to direct appeal and his right to file a § 2255, except claims of ineffective assistance of counsel and/or prosecutorial misconduct. Specifically, Defendant's plea agreement contained the following language:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement at 10 (Dkt. #146, filed June 9, 2009). The current motion does not assert either ineffective assistance of counsel or prosecutorial misconduct.

to dismiss, that he is factually innocent of the state ABHAN conviction. Instead, Defendant argues that the legal classification of the crime in question – ABHAN – precludes his being classified as a Career Offender. This argument is foreclosed by *Pettiford*.

#### CONCLUSION

For the reasons noted above, the Government's motion to dismiss is **granted**. Defendant's motion for relief under 28 U.S.C. § 2255 is **dismissed with prejudice**.

#### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 19, 2011